IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD CREWS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-cv-01583-AGF |
| | ) | |
| IAN WALLACE, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the pro se petition of Missouri state prisoner Richard Crews for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 29, 2011, Petitioner was convicted by a jury of seven counts of second-degree burglary and three counts of stealing. Petitioner was sentenced to nine years' imprisonment on each count, with some sentences to run consecutively to others, for a total of 63 years' imprisonment.

For federal habeas relief, Petitioner raises the following claims: (1) trial counsel was ineffective for failing to file a motion to suppress evidence obtained as a result of a Global Positioning System (GPS) tracking device that police placed on the vehicle Petitioner was driving; (2) post-conviction counsel was ineffective for failing to assert an "independent" claim in Petitioner's amended motion for post-conviction relief, in order to seek retroactive application of the United States Supreme Court's decision in *United States v. Jones*, 565 U.S. 400 (2012), which held that installing a GPS tracking device to a vehicle, and subsequent use of that device to monitor the vehicle's movements on

public streets, was a search within the meaning of the Fourth Amendment; (3) trial counsel was ineffective for failing to discuss with Petitioner DNA evidence found on a bandana at one of the crime scenes and for failing to request that a second DNA test be performed on the bandana; (4) trial counsel was ineffective for failing to call a potential defense witness, Leslie Weiler; (5) trial counsel was ineffective for telling Petitioner that Petitioner could not testify at trial; (6) trial counsel was ineffective for failing to investigate possible jury contamination and to assert an objection on that basis; (7) direct appeal counsel was ineffective for failing to brief all six grounds contained in Petitioner's motion for a new trial (relating to the trial court's refusal to strike a juror, certain of the trial court's evidentiary rulings, and the trial court's denial of Petitioner's motion for judgment of acquittal at the close of evidence); and (8) the trial court plainly erred in failing to instruct the jury, sua sponte, to disregard a witness's statement that Petitioner had been committing burglaries for "a while."  For the reasons set forth below, habeas relief will be denied.

## BACKGROUND

The charges against Petitioner stemmed from a string of "smash and grab" burglaries of seven restaurants and retail establishments in and around St. Charles County, Missouri, which occurred on the following dates in 2010:  January 16, January 18, January 26, and February 18.  During the course of the investigation, O'Fallon, Missouri detective, Chad Gerler, learned information about the burglaries from an interview of Justin Plotts about an unrelated crime.  Specifically, Plotts informed Officer Gerler that his friend, Leslie Weiler, told him that Weiler's husband, Eddie Marshall, and

2

a white male had been burglarizing area businesses. Plotts agreed to assist Officer Gerler in the investigation of the burglaries. Plotts also showed Officer Gerler where Marshall lived and informed Officer Gerler that, although Plotts did not know the name of the white male involved in the burglaries, Plotts believed the white male drove a white van. The description of the van was relayed to St. Louis County police.

Early morning on January 29, 2010, St. Louis County police initiated a traffic stop of a white van matching the description provided by Plotts. Marshall was driving the van, and Petitioner was the passenger. Marshall was placed under arrest for a parole violation, and Petitioner was released. During the course of the traffic stop, St. Louis County police learned that the van was registered to Petitioner's brother-in-law, and they relayed this information, as well as Petitioner's identity, to Officer Gerler. Later in the day on January 29, 2010, Officer Gerler located the van at the residence of Petitioner's sister, Brenda Vishy,[1] and Officer Gerler placed a GPS tracking device on the van. He did not have a warrant to do so.

Marshall testified against Petitioner at trial, describing Petitioner's involvement in each of the burglaries at issue except the last, which occurred on February 18, 2010. During his testimony, Marshall stated that Petitioner was not bothered by the surveillance cameras in several of the establishments the two burglarized, and Marshall indicated that the reason for this was that Petitioner had been committing burglaries for "a while."

---

[1] Petitioner attaches to his federal habeas petition an affidavit from Vishy stating that she had transferred ownership of the van to Petitioner in July of 2009, and that she would have testified to this fact at trial if asked. The Court will assume without deciding that Petitioner owned the van at the relevant time.

3

Resp't Ex. A, Tr. at 504. Marshall admitted that this testimony was his speculation. Petitioner did not object to this line of questioning.

The jury also heard testimony from various store employees who discovered the burglaries, as well as the police officers who responded to and investigated the burglaries. Surveillance video from those establishments that had such video systems was also shown to the jury. Some of the videos depicted a white van, and one also depicted a white man with facial hair, consistent with Petitioner's appearance.

Plotts and Officer Gerler also testified against Petitioner at trial, specifically about the last burglary, which took place on February 18, 2010 and in which Plotts participated as part of his cooperation with Officer Gerler. Marshall's girlfriend, Weiler, had put Plotts in contact with Petitioner. The day before the burglary, Plotts informed Officer Gerler that he (Plotts) and Petitioner had arranged to commit a burglary on February 18th. Plotts was in frequent contact with Officer Gerler by cell phone on the day of the February 18th burglary. Officer Gerler also used the GPS tracker to track the location of Petitioner's van on this night. Although Officer Gerler checked the tracker from time to time after its installation, this was the only relevant occasion on which the GPS tracker was used to track the location of Petitioner's van.

During the course of the night on February 18th, Plotts told Officer Gerler that Petitioner had attempted to gain entry into a restaurant but was unsuccessful, and was going to attempt to go in through the window. Officer Gerler then watched as the GPS tracker showed the van drive around St. Peters, Missouri, at which point Officer Gerler received a text message from Plotts stating that he and Petitioner were "calling it quits"

4

and headed home. Officer Gerler then called the St. Peters police department, which informed him that there had been a burglary call at an area restaurant. The restaurant's window was broken, there was damage to the back door apparently from a pry bar, and a cash register was missing. A blue bandana had also been found outside the back door of the restaurant, and a shoeprint was found in the snow near the restaurant.

After learning of the burglary, Officer Gerler and other law enforcement officials initiated a traffic stop of Petitioner's van, and Petitioner was placed under arrest. At the time Petitioner was arrested, Officer Gerler asked Plotts about the location of the missing cash register, and Plotts informed Officer Gerler that Petitioner had thrown the cash register onto the side of the road near a certain highway exit. Police thereafter located and secured the cash register. After Petitioner was arrested, Petitioner's boots were seized, and the pattern on the soles matched the pattern of the shoeprint found in the snow near the restaurant. The blue bandana found by the door of the restaurant was also tested and contained Petitioner's DNA. Plotts fully cooperated with Officer Gerler in the investigation of the February 18th burglary, and as stated above, both he and Officer Gerler testified against Petitioner at trial.

The trial court advised Petitioner of his right to testify, but he did not testify. As noted above, the jury found Petitioner guilty of seven counts of second-degree burglary and three counts of stealing.

**Direct Appeal**

Petitioner raised only one point on direct appeal. He argued that the trial court plainly erred in failing to instruct the jury, sua sponte, to disregard Marshall's testimony

5

that Petitioner had been committing burglaries for a while. Petitioner conceded that he failed to preserve this issue for appellate review but asked for plain error review. On October 23, 2012, the Missouri Court of Appeals conducted plain error review and held that the admission of Marshall's statement did not result in manifest injustice. The appellate court thus affirmed the trial court's judgment.

**State Post-conviction Proceedings**

In his pro se motion for post-conviction relief, Petitioner asserted the ineffective assistance of counsel claims that comprise Ground (1) and Grounds (3)-(7) of his federal habeas petition, as set forth above.

In his amended motion for post-conviction relief, filed with the assistance of counsel, Petitioner expanded upon the claims comprising Grounds (1), (4), and (5) of his federal habeas petition. The amended motion also incorporated by reference the remaining claims set forth in Petitioner's pro se motion.

The motion court held an evidentiary hearing on March 5, 2014, at which trial counsel testified in person and Petitioner's deposition testimony was submitted. On April 21, 2014, the motion court denied Petitioner's motion for post-conviction relief.

With respect to the claim comprising Ground (1) of the federal habeas petition, the motion court relied on trial counsel's testimony at the evidentiary hearing that she considered but ultimately decided against filing a motion to suppress evidence obtained as a result of the GPS tracking device because she believed that such evidence, including the shoeprint, bandana, and cash register found by the side of the road—all relating solely

to the February 18th burglary, would have been inevitably discovered as a result of Plotts's cooperation with police in the investigation of that burglary.

The motion court also noted that the Supreme Court's decision in *Jones* was issued in 2012, nearly a year after Petitioner's 2011 trial and conviction. The motion court found that trial counsel was not ineffective for failing to anticipate the change in law announced by *Jones*, and moreover, trial counsel made a reasonable strategy choice in deciding not to pursue a motion to suppress due to the inevitable discovery of the evidence. The motion court further found that Petitioner had not demonstrated prejudice because the jury had ample independent evidence without the GPS tracking to place Petitioner at the scene and to find Petitioner guilty of the February 18th burglary, as well as the prior burglaries for which the GPS tracking device was not used.

Regarding the claim comprising Ground (4), with respect to the failure to call Weiler as a defense witness, the motion court found that Petitioner failed to introduce any evidence as to whether Weiler would have been available and willing to testify at trial, or what she would have said. The motion court also relied on trial counsel's testimony at the evidentiary hearing that she discussed Weiler with Petitioner prior to trial and elected not to call Weiler as a witness. The motion court found that Petitioner failed to establish that trial counsel's decision was unreasonable or prejudicial.

In denying the claim comprising Ground (5), regarding Petitioner's right to testify, the motion court credited trial counsel's testimony at the evidentiary hearing that she discussed this right with Petitioner both before and during trial, and that she advised Petitioner that it would not be in his interest to testify but never told him he could not

7

testify. The motion court also noted that Petitioner acknowledged to the trial court on the record at the close of the State's evidence that he had the right to testify and that the decision whether to testify or not was his.

The motion court then addressed the remaining claims raised in Petitioner's pro se motion for post-conviction relief and found each without merit. As to the claim comprising Ground (3), the motion court found that Petitioner failed to allege what he anticipated would have resulted from a discussion of the DNA evidence or how the lack of such discussion prejudiced him. The motion court further found that the claim comprising Ground (6), regarding possible jury contamination, was purely conclusory, and that the claim comprising Ground (7) was without merit because Petitioner had not demonstrated that direct appeal counsel's failure to brief all six issues raised in the motion for a new trial was unreasonable or prejudicial.

On appeal from the denial of post-conviction relief, Petitioner, through appointed counsel, pursued only the claim comprising Ground (1), regarding the ineffective assistance of trial counsel in failing to move to suppress evidence obtained from the GPS tracking device. In affirming the denial of post-conviction relief, the Missouri Court of Appeals held that trial counsel was not ineffective for failing to anticipate the change in law announced by *Jones*, and for making a strategic choice not to file a motion to suppress after determining that any evidence obtained from the GPS tracking would have been admitted anyway, through Petitioner's accomplices (who were cooperating with police) and the supporting surveillance video and DNA evidence. The appellate court further held that, due to the fact that the evidence obtained from the GPS tracking would

8

have been admitted through other means, Petitioner suffered no prejudice as a result of the failure to file a motion to suppress.

**Federal Habeas Petition**

As noted above, Petitioner raises the following grounds for federal habeas relief: (1) trial counsel was ineffective for failing to file a motion to suppress evidence obtained as a result of the GPS tracking device; (2) post-conviction counsel was ineffective for failing to seek retroactive application of *Jones*; (3) trial counsel was ineffective for failing to discuss the DNA evidence with Petitioner and for failing to request a second DNA test be performed on the bandana; (4) trial counsel was ineffective for failing to call Weiler; (5) trial counsel was ineffective for telling Petitioner that Petitioner could not testify at trial; (6) trial counsel was ineffective for failing to investigate possible jury contamination and to assert an objection on that basis; (7) direct appeal counsel was ineffective for failing to brief the six grounds contained in Petitioner's motion for a new trial; and (8) the trial court plainly erred in failing to instruct the jury, sua sponte, to disregard Marshall's statement that Petitioner had been committing burglaries for a while.

Respondent argues that the state courts reasonably denied Ground (1); Ground (2) is not a cognizable ground for federal habeas relief; Grounds (3)-(8) have been procedurally defaulted; and in any event, each ground is without merit. In a traverse, Petitioner argues that his claims have merit and that the ineffective assistance of state-appointed post-conviction appellate counsel constitutes cause to excuse any procedural default of Petitioner's federal habeas claims.

# DISCUSSION

## Legal Standard

Federal habeas relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a claim has been adjudicated on the merits in state court, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that application for a writ of habeas corpus cannot be granted unless the state court's adjudication:

1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

## Ineffective Assistance of Trial Counsel Regarding GPS Tracking (Ground One)

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to show ineffective assistance of counsel, "a [petitioner] must show that counsel's performance was deficient," and "that the deficient performance prejudiced [his] defense." *Id.* at 687. Furthermore, when "[c]onsidering an attorney's performance, [the court] must indulge a strong presumption that the conduct was reasonable, and the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Paulson v. Newton Corr. Facility*, 773

F.3d 901, 904 (8th Cir. 2014) (citation omitted). In order to show prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citations omitted).

When addressing claims that were addressed by state courts, "[t]aken together, AEDPA and *Strickland* establish a doubly deferential standard of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (citation omitted). It is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id*. at 699.

With respect to Ground (1), the state courts reasonably held that trial counsel's failure, at the time of the trial in this case, to file a motion to suppress evidence obtained as a result of the GPS tracking device did not constitute ineffective assistance of counsel. The Eighth Circuit has repeatedly held that "counsel's performance is not deficient by failing to predict future developments in the law." *Wajda v. United States*, 64 F.3d 385, 388 (8th Cir. 1995); *see also Ruff v. Armontrout*, 77 F.3d 265, 268 (8th Cir. 1996) ("Failure to anticipate a change in existing law does not amount to ineffective assistance of counsel."). As the state courts noted, Petitioner was convicted of his crimes almost a year before *Jones* was decided, and Petitioner has not identified any precedential authority at the time of his trial suggesting that warrantless placement of a GPS tracking device violated the Fourth Amendment. For that reason, several courts to consider the issue have held that trial counsel's failure to move to suppress evidence related to a

11

warrantless GPS tracker, pre-*Jones*, was not objectively unreasonable. *See, e.g.*, *United States v. Drayton*, 541 F. App'x 858, 860–61 (10th Cir. 2013) ("Considering the majority of circuit courts that addressed the issue held that no warrant was required for a GPS device, counsel's decision not to file a motion to suppress was not 'objectively unreasonable.' That the Supreme Court ultimately reached the opposite conclusion in [*Jones*], more than one year [later], does not render counsel's performance 'objectively unreasonable.'"); *Carpino v. Ryan*, No. CV14-1931 PHX DGC, 2015 WL 2345625, at *7 (D. Ariz. May 15, 2015) (same).[2]

Moreover, the state courts reasonably concluded that Petitioner failed to demonstrate prejudice, as there was an abundance of evidence of Petitioner's guilt with respect to each of the crimes for which he was convicted, independent of the GPS tracking information. And, as stated by trial counsel, the evidence related to this last burglary would have been discovered in any event, based on Plotts's ongoing cooperation with police.

**Ineffective Assistance of Post-conviction Counsel Claim (Ground Two)**

Petitioner's second claim, that post-conviction counsel was ineffective for failing to assert an "independent" claim for retroactive application of *Jones* in Petitioner's

---

[2] Further, in *United States v. Robinson*, 781 F.3d 453, 459-60 (8th Cir. 2015), the Eighth Circuit recognized that such GPS evidence obtained prior to *Jones* was not subject to suppression as, at the time, in light of the Supreme Court's opinions in *United States v. Knotts*, 460 U.S. 276, 281, 285 (1983), and *United States v. Karo*, 468 U.S. 705, 713 (1984), it was "objectively reasonable' for officers to conclude that a warrantless installation of a GPS device on a car was constitutional. *See also United States v. Marquez*, 605 F.3d 604, 610 (8th Cir. 2010) (holding that no warrant was required to install a GPS tracking device where, as here, agents had reasonable suspicion to believe the target was involved in criminal activity).

amended motion for post-conviction relief, is not cognizable in this federal habeas proceeding. *See* 28 U.S.C. § 2254(i) ("ineffectiveness or incompetence of counsel during Federal or State post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *see also Young v. Boyles*, No. 4:15-CV-00867-JAR, 2018 WL 4516685, at *4 (E.D. Mo. Sept. 20, 2018) ("Federal habeas courts are only authorized to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding.") (citation omitted); *Giammanco v. Wallace*, No. 4:14 CV 1739 CDP, 2018 WL 3219652, at *4 (E.D. Mo. July 2, 2018) ("To the extent [a habeas petitioner] alleges that post-conviction counsel's failure to file an amended Rule 29.15 which included all grounds for relief constitutes ineffective assistance of counsel, the claim is denied as not cognizable in habeas review.").

In light of the reasoning of *Robinson*, 781 F.3d at 459-60, the argument would not have been successful in any event.

**Procedurally Defaulted Claims (Grounds Three through Eight)**

Under the doctrine of procedural default, a federal habeas court is barred from considering the merits of a claim not fairly presented to the state courts, absent a showing by the petitioner of cause for the default and prejudice resulting therefrom, or that he is actually innocent, such that a miscarriage of justice would result by failing to consider the claim. *E.g., Murphy v. King*, 652 F.3d 845, 849 (8th Cir. 2011). The Court agrees with Respondent that Petitioner's Grounds (3) through (8) were procedurally defaulted in state court.

13

Petitioner raised Grounds (3) through (7) in his motion for post-conviction relief in state court, but he did not pursue them on appeal from the denial of that motion. In Missouri, "a claim [must] be presented 'at each step of the judicial process' in order to avoid default." *Jolly v. Gammon,* 28 F.3d 51, 53 (8th Cir. 1994) (quoting *Benson v. State*, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)). "Failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review." *Id.*

Petitioner argues that the reasoning of *Martinez v. Ryan*, 566 U.S. 1 (2012), should be extended to provide that ineffective assistance of post-conviction appellate counsel excuses this procedural default. *Martinez* provided that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. at 17. The Supreme Court was quick to limit its holding, however, expressly stating that its holding did not "concern attorney errors in other kinds of proceedings, *including appeals from initial-review collateral proceedings*." *Id.* at 16 (emphasis added). The Court emphasized that "[w]hile counsel's errors in these proceedings preclude any further review of the prisoner's claim, the claim will have been addressed by one court, [such as] . . . the trial court in an initial-review collateral proceeding." *Id.* at 11.

The Eighth Circuit has thus construed *Martinez* narrowly: "*Martinez* offers no support . . . for the contention that the failure to preserve claims on appeal from a postconviction proceeding can constitute cause." *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012). *Arnold* is factually analogous to the case at bar: there, as here, petitioner's appellate counsel preserved only one of multiple grounds argued before the post-conviction motion court. This Court is bound to reach the same result as *Arnold* and hold that Petitioner's Grounds (3) through (7) are procedurally defaulted, and any error by post-conviction appellate counsel would not constitute cause to excuse Petitioner's procedural default. *See also Franklin v. Hawley*, 879 F.3d 307, 313 (8th Cir. 2018) ("[I]t is clear that the *Martinez* exception applies only if the procedural default occurs during the initial-review of the ineffective assistance claim").

As to Petitioner's final claim, Ground (8), Petitioner failed to properly object to Marshall's testimony that Petitioner had been committing burglaries for "a while," and although the Missouri Court of Appeals conducted plain-error review of Petitioner's unpreserved challenge to this testimony, "the state court's discretionary plain-error review of [an] unpreserved claim[] cannot excuse [a habeas petitioner's] procedural default." *Clark v. Bertsch*, 780 F.3d 873, 877 (8th Cir. 2015). In any event, as noted above, it was established through the attorney's questioning that Marshall's testimony was speculation.

In short, Grounds (3) through (8) were procedurally defaulted in state court, and Petitioner raises no cause to excuse the default. Petitioner has also failed to show that a miscarriage of justice will result if his defaulted claims are not considered. *See Abdi v.*

*Hatch*, 450 F.3d 334, 338 (8th Cir. 2006) (holding that a petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the miscarriage of justice exception).

## CONCLUSION

The Court concludes that Petitioner is not entitled to federal habeas relief. The Court does not believe that reasonable jurists might find the Court's assessment of the procedural or substantive issues presented in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2254(d)(2). *See Buck v. Davis*, 137 S. Ct. 759, 773 (standard for issuing a Certificate of Appealability) (citing *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Richard Crews for a writ of habeas corpus relief is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability shall not be issued.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of February, 2019.